No. 23-6054

# IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

SPEECH FIRST, INC.,
*Plaintiff-Appellant*,

v.

KAYSE SHRUM, in her official capacity
as President of Oklahoma State University,
*Defendant-Appellee*.

On Appeal from the United States District Court for the Western District of Oklahoma, No. 5:23-cv-29 (Jones, J.)

## APPELLANT'S MOTION TO EXPEDITE APPEAL

J. Michael Connolly
Cameron T. Norris
James F. Hasson
Thomas S. Vaseliou
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

Dated: April 19, 2023

*Counsel for Appellant*

# INTRODUCTION

Per this Court's Rule 27.5(A)(7), Speech First moves to expedite this appeal. The expedition that Speech First seeks is moderate, but important. Speech First does not ask this Court to modify the default deadlines for briefs. Rather, it asks this Court to

1. announce that it will grant no extensions to the default briefing deadlines, absent extraordinary circumstances; and
2. expedite oral argument.

Speech First has good cause for this relief. It brought this case on behalf of its members who attend Oklahoma State University. It quickly sought a preliminary injunction because its members are suffering ongoing deprivations of their First Amendment rights. Those deprivations will continue while this appeal is pending, especially since the district court dismissed the case without considering the preliminary injunction. Two of Speech First's members, moreover, are rising seniors who could graduate before Speech First gets relief—meaning their speech will have been *successfully* chilled for their entire time on campus. The Eleventh Circuit granted Speech First similar relief in a similar posture. *See* Order (Doc. 11), *Speech First, Inc. v. Cartwright* (Aug. 16, 2021) (attached as Exhibit A). This Court should too.

Speech First conferred with Appellee before filing this motion. Appellee opposes.

# ARGUMENT

Speech First is a membership association that works to restore the freedom of speech on college campuses. It has litigated similar appeals in the Fifth, Sixth, Seventh,

1

and Eleventh Circuits—winning all but one case and receiving oral argument each time. *See Speech First, Inc. v. Fenves*, 979 F.3d 319 (5th Cir. 2020) (reversing the denial of Speech First's motion for a preliminary injunction); *Speech First, Inc. v. Schlissel*, 939 F.3d 756 (6th Cir. 2019) (same); *Speech First, Inc. v. Cartwright*, 32 F.4th 1110 (11th Cir. 2022) (same); *Speech First, Inc. v. Killeen*, 968 F.4th 628 (7th Cir. 2020) (affirming the denial of Speech First's motion for a preliminary injunction). A similar appeal is currently pending before the Fourth Circuit. *See Speech First, Inc. v. Sands*, No. 21-2061 (4th Cir. 2023). Speech First has members who attend Oklahoma State, including three students who submitted anonymous declarations below: Students A, B, and C. Two of these members will be seniors in the fall.

Speech First filed this case in January 2023. It immediately sought a preliminary injunction, arguing that three University policies violate the First and Fourteenth Amendments:

1. A computer policy that prohibits students from using their University email accounts to "transmi[t] political campaigning" messages.

2. A harassment policy.

3. A policy on "bias incidents," as administered by the University's Bias Incident Response Team.

The district court did not reach the merits but instead dismissed the case because, in its view, Speech First lacked standing unless its complaint divulged the real names of Students A, B, and C. *See* D.Ct. Dkt. 35 (attached as Exhibit B). The district court thus

denied Speech First's motion for preliminary injunction as moot. *Id.* Speech First now appeals the district court's dismissal. Its opening brief is currently due May 23, 2023.

In any given appeal, this Court can expedite the briefing schedule, advance the oral argument, or both. *See* 10th Cir. Rule 27.5(A)(7), (12); 28 U.S.C. §1657(a). The only requirement for expedition is that "good cause is shown." §1657(a). Good cause for expedition exists here for three main reasons.

***First***, Speech First's members are suffering ongoing, irreparable injury because the University's policies continue to violate their First Amendment rights while this appeal proceeds. *See Elrod v. Burns*, 427 U.S. 347, 373-74 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *Verlo v. Martinez,* 820 F.3d 1113, 1127 (10th Cir. 2016). Though the district court did not reach the merits here, other courts have granted Speech First preliminary injunctions against similar policies. *E.g.*, *Cartwright*, 32 F.4th at 1128; *Speech First, Inc. v. Khator*, 603 F. Supp. 3d 480, 482 (S.D. Tex. 2022). That likely irreparable injury is good cause for expedition. *See, e.g.*, D.C. Cir. Rule 27(f); 9th Cir. Rule 27-12.

***Second***, the procedural posture exacerbates this ongoing irreparable injury to Speech First's members. Because the district court dismissed the complaint purely on jurisdictional grounds, it still must address the merits of Speech First's preliminary-injunction motion once its order is reversed. A non-expedited appeal, followed by preliminary-injunction proceedings beginning at square one in the district court, risks forcing Speech First's members to wait years before receiving any ruling on the merits.

3

Courts instruct litigants to expedite appeals in these circumstances. *Cf. Cawthorn v. Amalfi*, 35 F.4th 245, 254 (4th Cir. 2022) (criticizing failure to seek expedited review "because the entire … procedure (including any post-hearing appeals) would still need to take place were such an appeal ultimately to succeed"). The Second Circuit even has a rule that automatically expedites "appeals from threshold dismissals" for "lack of subject matter jurisdiction." 2d Cir. R. 31.2(b).

*Third*, without expedition, two of Speech First's standing members could graduate before getting any affirmative relief. Students B and C will be rising seniors this summer and are slated to graduate in May 2024. *See Academic Calendar, 2023-2024 (Tentative)*, Okl. St. Univ., perma.cc/Q3UX-VVQH. As noted, the district court has yet to address the merits of Speech First's claims. While graduation won't moot Speech First's claims, *see Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 718 (2007), a ruling after May 2024 would come too late for Students B and C. Despite their efforts in this litigation, the University will have successfully chilled their speech—and violated their constitutional rights—for their entire tenure as students. That risk, too, is good cause for expedition. *See, e.g.*, *Fischbach v. New Mexico Activities Ass'n*, 38 F.3d 1159, 1161 (10th Cir. 1994) (instructing litigants that, if graduation is imminent, they should "attempt to expedite an appeal of the preliminary injunction"); *Renee v. Spellings*, Doc. 5 at 18, Doc. 8, No. 08-16661 (9th Cir. 2008) (expediting the briefing schedule and oral argument where "[f]our of the nine individual plaintiffs [we]re approaching their senior years in high school and [we]re on track to graduate" in less than a year).

Moreover, Speech First's proposal could not possibly prejudice the University. The briefing schedule set by this Court (40 days, 30 days, 21 days) is the normal briefing schedule under the Federal Rules, *see* Fed. R. App. P. 31(a)(1), and Speech First does not seek to modify it. In other words, the University has the same number of days that it would normally get to draft its brief—a brief that will address the same issues that were already briefed extensively below. The only difference is that, under Speech First's proposal, the Court would disallow extensions (absent truly extraordinary circumstances) and would advance the date of the oral argument. The University will not be prejudiced if it cannot seek extensions it doesn't yet need, or if its time to prepare for oral argument is somewhat truncated. Any prejudice would fall equally on Speech First, and would be far outweighed by the risk of irreparable harm to its members.

## CONCLUSION

For all these reasons, the Court should grant Speech First's motion to expedite this appeal. The Court should state that requests for extensions will be denied absent extraordinary circumstances and advance the oral argument as early as practicable.

                                                      Respectfully submitted,

Dated: April 19, 2023               /s/ *Cameron T. Norris*
                                                      J. Michael Connolly
                                                      Cameron T. Norris
                                                      James F. Hasson
                                                     Thomas S. Vaseliou
                                                     CONSOVOY MCCARTHY PLLC
                                                     1600 Wilson Blvd., Ste. 700
                                                     Arlington, VA 22209
                                                     (703) 243-9423
                                                     cam@consovoymccarthy.com

                                                     Ryan Haynie, OBA No. 32796
                                                     1401 N. Lincoln Blvd.
                                                     Oklahoma City, OK 73104
                                                     (405) 590-6070
                                                     ryan@ocpathink.org

                                                     *Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE

This motion complies with Rule 27(d)(2)(A) because it contains 1,212 words, excluding the parts that can be excluded. This motion also complies with Rule 27(d)(1)(E) because it is prepared in a proportionally spaced face using Microsoft Word 2016 in 14-point Garamond font (and 18-point Helvetica Neue for headers).

Dated: April 19, 2023                                        *s/ Cameron T. Norris*

## CERTIFICATE OF SERVICE

I filed this motion with the Court via ECF, which will email everyone requiring notice.

Dated: April 19, 2023                                        *s/ Cameron T. Norris*

# EXHIBIT A

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-12583-DD

_____

SPEECH FIRST, INC.,

                                                                                                             Plaintiff-Appellant,

versus

ALEXANDER CARTWRIGHT,
in his individual capacity and his official capacity
as President of the University of Central Florida,

                                                                                                             Defendant-Appellee,

DANA JUNTENEN,
in her official capacity as Director of the
University of Central Florida Office of Student
Rights and Responsibilities and Assistant
Dean of Students, et al.,

                                                                                                                               Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

ORDER:

      Appellant's motion to expedite this appeal is GRANTED as follows. The Court DIRECTS the Clerk to expedite the appeal for merits disposition purposes, including oral argument if the Court deems oral argument in this case is warranted. The Court takes no position at this time on the appropriateness of oral argument.

      The Clerk's Office is DIRECTED not to grant any extension of time to file a brief in this appeal. Any request for an extension of time must be made by written motion and will only be acted upon by the Court.

      /s/ Andrew L. Brasher
      UNITED STATES CIRCUIT JUDGE

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SPEECH FIRST, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-29-J |
| ) | |
| KAYSE SHRUM, in her official capacity as ) | |
| President of Oklahoma State University, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Plaintiff Speech First, Inc. (Plaintiff) brings this action against Defendant Kayse Shrum (Defendant), in her official capacity as president of Oklahoma State University (the University), alleging that several of the University's speech-related policies run afoul of the Constitution. *See* (Am. Compl.) [Doc. No. 27].[1] This matter is presently before the Court on Plaintiff's motion for a preliminary injunction [Doc. No. 3], Defendant's motion to dismiss Plaintiff's amended complaint on grounds that it lacks standing (Def.'s Mot. to Dismiss) [Doc. No. 29],[2] and Defendant's motion to strike Plaintiff's amended complaint [Doc. No. 30]. The motions are fully briefed.[3]

---

[1] Plaintiff filed its original complaint on January 10, 2023. [Doc. No. 1]. It later stipulated to the dismissal of all claims except those asserted against Defendant in her official capacity, and an amended complaint was filed thereafter.

[2] Defendant previously filed motions to dismiss Plaintiff's original complaint on similar grounds. *See* [Doc. Nos. 21, 24].

[3] All page citations refer to the Court's CM/ECF pagination.

I. **Background**

Plaintiff is a member organization dedicated to protecting students' free speech rights. It takes issue with three University policies (the Policies) encompassing speech conduct and brings suit on behalf of three of its members—anonymously identified as "Student A," "Student B," and "Student C." In essence, Plaintiff maintains that the Policies impose a chilling effect on the members' First Amendment rights, doing so in a manner that is impermissibly overbroad, vague, and content discriminatory. Plaintiff seeks only prospective relief. Specifically, it seeks (1) declaratory relief as to the constitutionality of the Policies; and (2) preliminary and permanent injunctive relief barring the University's enforcement of the Policies.

Defendant moves to dismiss Plaintiff's amended complaint for lack of standing. Because the motion to dismiss raises the threshold issue of Plaintiff's standing to assert the claims on which it seeks an injunction, the Court first addresses that issue before moving to the motion for a preliminary injunction. *See Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1087 (10th Cir. 2006) ("[W]e cannot reach the merits based on 'hypothetical standing,' any more than we can exercise hypothetical subject matter jurisdiction.").

II. **Standard**

Those seeking to invoke the jurisdiction of federal courts must satisfy the case or controversy requirement imposed by Article III of the Constitution. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "The case or controversy limitation requires that a plaintiff have standing." *United States v. Colo. Sup. Ct.*, 87 F.3d 1161, 1164 (10th Cir. 1996).

In satisfying Article III's standing requirement, "a plaintiff must demonstrate that (1) he or she has suffered an injury in fact; (2) there is a causal connection between the injury and the

conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision." *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) (internal quotation marks omitted).

Where, as here, the plaintiff is an association advancing the interests of its members, the showing is more specific. "An association has standing to bring suit on behalf of its members when [1] its members would otherwise have standing to sue in their own right, [2] the interests at stake are germane to the organization's purpose, and [3] neither the claim requested nor the relief requested requires the participation of individual members in the lawsuit." *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 169 (2000). Thus, an organization must demonstrate, among other things, that at least one of its members has suffered an injury in fact. *Ward*, 321 F.3d at 1266. An injury in fact is "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560).

### III. **Anonymous Members**

The Court must first address Plaintiff's reliance on anonymous members, a defect which Defendant claims defeats Plaintiff's standing. Def.'s Mot. to Dismiss at 9 ("[Plaintiff's] anonymous Student references in the Amended Complaint and Anonymous Declarations cannot support associational standing.").[4] The Court agrees.

In support of the position that associational standing requires that a plaintiff identify—by name—at least one member with standing, Defendant points the Court to *Summers v. Earth Island Institute*, 555 U.S. 488 (2009). There, in challenging several regulatory projects, a group of

---

[4] Courts have routinely addressed the failure to name members in review of associational standing. *See, e.g.*, *Am. Coll. of Emergency Physicians v. Blue Cross & Blue Shield of Ga.*, 833 F. App'x 235, 240 n.8 (11th Cir. 2020); *Religious Sisters of Mercy v. Becerra*, 55 F.4th 583, 602 (8th Cir. 2022); *Tenn. Republican Party v. SEC*, 863 F.3d 507, 520 (6th Cir. 2017).

environmentalist organizations claimed associational standing on behalf of their unidentified members. *Id.* at 490–91. However, despite recognizing the "common ground that . . . organizations can assert standing of their members," *id.* at 494, the Supreme Court denounced the organizations' failure to identify by name, as to particular projects, members with standing. *Id.* at 498–99. The *Summers* Court made clear: "Th[e] requirement of *naming* the affected members has never been dispensed with in light of statistical probabilities, but only where *all* the members of the organization are affected by the challenged activity." *Id.* (first emphasis added); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 235 (1990) (noting that an affidavit provided by the city to establish standing would be insufficient because it did not name the individuals who were harmed by the challenged license-revocation program).

In responding, Plaintiff points this Court to several circuit court decisions favorable to its position that actually naming members is not required by *Summers*. *See* [Doc. No. 32] at 24–25 n.3. These cases question the requirement of naming members for purposes of associational standing, even more so its application at the motion to dismiss stage. But regardless of the persuasive force of opinions from outside this circuit, this Court is in no way bound by their conclusions. *Dennis v. Charnes*, 805 F.2d 339, 340 (10th Cir. 1984). And given the Tenth Circuit's silence on the issue, this Court is inclined to take the *Summers* Court at its word.[5]

Because Plaintiff has failed to name the members on behalf of whom it brings suit, it lacks standing to press the claims asserted here. Thus, the Court lacks jurisdiction to consider them, and Plaintiff's case must be dismissed without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d

---

[5] The Court is also not entirely convinced that a distinction is warranted between naming members at the various stages of litigation, given *Summers*' "requirement of *naming* the affected members," *Summers*, 555 U.S. at 498 (emphasis added), and the fact that "[s]tanding must be analyzed from the facts as they existed at the time the complaint was filed." *Tandy v. City of Wichita*, 380 F.3d 1277, 1284 (10th Cir. 2004).

1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction [are] without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." (emphasis omitted)).

## IV. Conclusion

Accordingly, Defendant's motion to dismiss Plaintiff's amended complaint on standing grounds [Doc. No. 29] is GRANTED. Defendant's motion to dismiss in her individual capacity [Doc. No. 21], Defendant's motion to dismiss Plaintiff's original complaint on standing grounds [Doc. No. 24], and Defendant's motion to strike Plaintiff's amended complaint [Doc. No. 30] are DENIED as moot. Plaintiff's motion for a preliminary injunction [Doc. No. 3] is also DENIED as moot. A separate judgment will issue.

IT IS SO ORDERED this 10th day of April, 2023.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE