IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

SPEECH FIRST, INC.,

    *Plaintiff–Appellant*,

v.

KAYSE SHRUM, in her official capacity as President of Oklahoma State University,

    *Defendant–Appellee*.

No. 23-6054

D.C. No. 5:23-cv-00029-J

**MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE
AMERICAN CIVIL LIBERTIES UNION
AND AMERICAN CIVIL LIBERTIES UNION OF OKLAHOMA
IN SUPPORT OF PLAINTIFF–APPELLANT AND REMAND**

Pursuant to Federal Rule of Appellate Procedure 29(a)(3), amici curiae American Civil Liberties Union ("ACLU") and ACLU of Oklahoma (together, "Amici") respectfully submit this motion for leave to file an amicus brief in this case. In support of this motion, Amici submit their proposed brief and state as follows:

    1.    Federal Rules of Appellate Procedure 29(a)(2)–(3) provide that amici curiae may file a brief with the Court's permission, and that attendant motions requesting the Court's leave to file such briefs must state the "movant's interest," "reason why an amicus brief is desirable[,] and why the matters asserted are relevant to the disposition of the case."

2. "Federal courts have discretion in allowing participation as amicus curiae." *N.M. Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs*., 994 F.3d 1166, 1175 (10th Cir. 2021). "The Tenth Circuit has granted motions for leave to file amicus briefs when the motions comply with Federal Rule of Appellate Procedure 29, the brief provides the court with useful information, and the briefing is relevant to the disposition of the case." *Albuquerque Pub. Schs. Bd. of Educ. v. Armstrong*, No. 22-2012, 2022 WL 17576355, at *3 n.2 (10th Cir. Dec. 12, 2022) (internal quotation marks and citation omitted).

3. The ACLU is a nationwide, non-partisan, non-profit organization dedicated to protecting the civil rights and civil liberties of all Americans. The ACLU of Oklahoma is a state affiliate of the ACLU.

4. The ACLU, the ACLU of Oklahoma, and other ACLU state affiliates have frequently appeared before this Court as amici curiae. *See, e.g., C1.G ex rel. C.G. v. Siegfried*, 38 F.4th 1270, 1273 (10th Cir. 2022)*; Denver Homeless Out Loud v. Denver*, 32 F.4th 1259, 1268 n.7 (10th Cir. 2022); *Lamb v. Norwood*, 899 F.3d 1159, 1160 (10th Cir. 2018).

5. This case considers whether associational standing requires a plaintiff association to identify its members by name. As organizations that frequently engage in litigation on behalf of unpopular or vulnerable individuals petitioning courts to

Appellate Case: 23-6054     Document: 010110866112     Date Filed: 05/30/2023     Page: 3

protect their interests, amici and their members have a strong interest in the proper resolution of this case.

6. The ACLU, the ACLU of Oklahoma, and other state ACLU affiliates frequently sue on behalf of their members on an associational standing theory. *See, e.g., Roe No. 2 v. Ogden*, 253 F.3d 1225, 1227 (10th Cir. 2001); *ACLU of Ohio Found., Inc. v. Ashbrook*, 375 F.3d 484, 490 (6th Cir. 2004); *ACLU of Nevada v. Heller*, 378 F.3d 979, 984–85 (9th Cir. 2004). They also represent other organizations suing on behalf of their members on an associational standing theory. *See, e.g., Make the Rd. N.Y. v. McAleenan*, 405 F. Supp. 3d 1 (D.D.C. 2019); Amended Complaint, *Black Emergency Response Team v. Drummond*, No. 5:21-cv-01022-G (W.D. Okla. Nov. 9, 2021), ECF No. 50. And they have done so without identifying members by name in their complaints. *See, e.g., Roe No. 2*, 253 F.3d at 1230; Amended Complaint ¶ 16, *Black Emergency Response Team* (No. 5:21-cv-01022-G); *Make the Rd. N.Y.*, 405 F. Supp. 3d at 32–33, 33 n.17.

7. Amici also have an interest in the outcome of this case as organizations committed to the public's right to access court proceedings.

8. Amici's proposed brief is relevant to the proper resolution of this case. The brief addresses governing caselaw from the Supreme Court and this Court, which makes clear that associations need not identify their members by name, particularly at the pleading stage. And it highlights the practical consequences that

3

requiring an association to identify members by name would have on litigation, particularly cases challenging government action and/or brought on behalf of individuals who hold unpopular views or associations, or who must allege that they intend to violate an unjust law in order to challenge it.

9. Amici respectfully submit that their brief is also desirable. Amici have extensive experience litigating associational standing—including a case establishing such standing through pseudonymous members before this Court, *see Roe No.2*, 253 F.3d at 1231—and are well-positioned to address the question raised by this case.

10. Appellant consents to the filing of the amicus brief. Appellee opposes.

## CONCLUSION

For the foregoing reasons, Amici respectfully request that this Court grant the motion for leave to file a brief of amici curiae.

Dated: May 30, 2023

Respectfully submitted,

*/s/ Vera Eidelman*
Vera Eidelman
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
veidelman@aclu.org

*Counsel for Amici Curiae*