**CASE NO. 23-6054**

**IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT**

| | |
|---|---|
| SPEECH FIRST, INC. | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| KAYSE SHRUM, in her official | ) |
| capacity as President of Oklahoma | ) |
| State University, | ) |
| | ) |
| Defendant-Appellee. | ) |

On Appeal from the United States District Court
for the Western District of Oklahoma,
No. 5:23-cv-29 (Jones, J.)

**RESPONSE TO MOTIONS FOR LEAVE TO FILE AMICUS CURIAE BRIEFS IN SUPPORT OF PLAINTIFF-APPELLANT**

Respectfully submitted,

s/Stephen R. Stephens
Stephen R. Stephens, OBA #10479
Brandee Hancock, OBA #31197
Clinton W. Pratt, OBA #21329
Gaylan Towle II, OBA #32884
Kinsey Wyatt, OBA #32778
Lyman G. Lenker, IV, OBA #33219
Board of Regents for the Oklahoma
Agricultural and Mechanical Colleges
5th Floor, Student Union Building
Stillwater, OK 74078

Date: June 9, 2023

**COUNSEL FOR DEFENDANT – APPELLEE**

## I.    INTRODUCTION

Eight (8) proposed amici curiae have moved, some individually and some jointly, to file amicus briefs (collectively "Motions") in support of Plaintiff-Appellant, Speech First, Inc. (referred to hereinafter as "SF" or "Appellant"). The proposed amici curiae that moved to file amicus briefs are: (1) Young America's Foundation, which moved with the Manhattan Institute ("YAF/MI"); (2) Chamber of Commerce of the United States of America, which moved with American Bankers Association ("COC/ABA"); (3) Independent Women's Law Center ("IWLC"); (4) the American Civil Liberties Union and American Civil Liberties Union of Oklahoma ("ACLU"); and (5) Catholicvote.org Education Fund ("CEF"). The legal arguments set forth in the five (5) briefs total an additional 101 pages.

Defendant-Appellee, Kayse Shrum, in her official capacity as President of Oklahoma State University (referred to hereinafter as "OSU" or "Appellee") declined to consent to the filing of the amicus briefs, as is the right of any appellate party pursuant to the Federal Rules of Appellate Procedure. However, OSU advised each potential amicus curiae it was free to request leave of court to file its brief in accordance with the rules. OSU initially declined the filings on the premise that the parties could sufficiently brief the narrow issues on appeal. Upon submission of the proposed amicus briefs, this Court directed OSU to file a single consolidated

response to the motions for leave to file amici briefs if OSU still opposed the filings. Accordingly, OSU submits this consolidated response.

None of the potential amici curiae initially explained to OSU why they desired to file a brief, other than to say they supported SF's position. Now, having reviewed the proposed briefs, OSU still opposes the Motions and has additional objections based on Federal Rule of Appellate Procedure 29 ("Rule 29"), Tenth Circuit precedent, and the Committee Notes on Federal Rule of Appellate Procedure 29 ("Committee Notes"), which are set forth in detail below.

## II.    STANDARD

The Tenth Circuit exercises its discretion to grant a motion for leave to file an amicus brief only if: (1) the motion for leave complies with Rule 29; (2) the brief provides the court useful information; (3) the brief is relevant to the disposition of the case; **and** (4) the brief does not present arguments "forgone by the parties themselves." *United States v. Ackerman*, 831 F.3d 1292, 1299 (10th Cir. 2016); *See Albuquerque Public Schools Bd. of Education v. Armstrong*, No. 22-2012, 2022 WL 17576355, at 3 *n. 2 (10th Cir. 2022); *N.M. Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs*., 994 F.3d 1166, 1175 (10th Cir. 2021).[1] In addition, this Court generally will not accept amicus briefs that function to

---

[1] With respect to quoted material, unless otherwise indicated, all brackets, ellipses, footnote call numbers, internal quotations, and internal citations have been omitted for readability. All emphasis is added unless otherwise indicated.

"effectively and unilaterally" expand word limitations imposed on the "the favored party." *Ackerman*, 831 F.3d 1299. The Committee Notes on the amendments to Rule 29 ("Committee Notes") provide guidance as to when a court should exercise discretion to grant a request for leave to file an amicus brief. Fed. R. App. P. 29 advisory committee notes. Some of the cautions provided in the Committee Notes are directly relevant here.

### III.    LEGAL ARGUMENT AND AUTHORITIES

**A. The Proposed Amicus Briefs Do Not Provide the Court Useful Information and Are Not Relevant to the Disposition of the Case**

#### 1.  The Proposed Briefs Repeat Appellant's Arguments

The Court should deny COC/ABA's, CEF's, and ACLU's Motions because their respective briefs merely repeat arguments SF raised in its Opening Brief and do not provide this Court useful information. The Committee Notes and precedent from other federal appellate courts support this Court's position that it will not accept amicus briefs that lack useful information.

The Committee Notes provide, in pertinent part:

> An *amicus curiae* brief which brings **relevant matter to the attention of the Court that has not already been brought to its attention by the parties** is of considerable help to the Court.  An *amicus curiae* **brief which does not serve this purpose simply burdens the staff and facilities of the Court and its filing is not favored.**
>
> .    .    .

The 7-day stagger was adopted because it is long enough to permit an amicus to review the completed brief of the party being supported and **avoid repetitious argument**.

Following this guidance, some judges have correctly observed that all too often amicus briefs do not offer value and instead merely repeat (literally or through conspicuous paraphrasing) a party's position. *See, e.g.*, *Voices for Choices v. Illinois Bell Tel. Co*., 339 F.3d 542, 545 (7th Cir. 2003) ("It is very rare for an amicus curiae brief to do more than repeat in somewhat different language the arguments in the brief of the party whom the amicus is supporting."); *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J., in chambers) ("The vast majority of amicus curiae briefs have not assisted the judges"). "Nobody benefits from a copycat amicus brief and indeed [the] practice is to reject them." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC,* 976 F.3d 761, 763 (7th Cir. 2020). "Nor should amicus briefs serve only as a show of hands on what interest groups are rooting for what outcome." *Id*. "Courts value submissions not to see how the interest groups line up, but to learn about facts and legal perspectives that the litigants have not adequately developed." *See Sierra Club, Inc. v. E.P.A*., 358 F.3d 516, 518 (7th Cir. 2004).

COC/ABA's, CEF's, and ACLU's amicus briefs are redundant and repetitive of matters already well covered by SF and should not be allowed. The brief COC/ABA filed is extremely duplicative of SF's brief. COC/ABA's main arguments—all of which SF made—are:

- Fed. R. Civ. P. 10(a) has nothing to do with Article III standing. (COC/ABA Proposed Amicus Br. at 4-7)[2] (SF Opening Br. at 25-29).[3]

- An organization need not name members' names at the pleadings stage. (COC/ABA Proposed Amicus Br. at 9 *n.2) (SF Opening Br. at 33-42).

- Merely "identifying" or describing the views of a member is sufficient. *See* (COC/ABA Proposed Amicus Br. at 7-12) (SF Opening Br. at 15,17-20, 23-24) In support of that proposition COC/ABA and SF both cite:
  o The following principal cases:
    ▪ *Am. Coll. of Emergency Physicians v. Blue Cross & Blue Shield of Ga*., 833 F. App'x 235 (11th Cir. 2020). (COC/ABA Proposed Amicus Br. at 9-10)(SF Opening Br. at 23, 37).
    ▪ *Advocs. For Highway & Auto Safety v. Fed. Motor Carrier Safety Admin.,* 41 F.4th 586 (D.C. Cir. 2022). (COC/ABA Proposed Amicus Br. at 10-12) (SF Opening Br. at 17-18, 20).
    ▪ *Bldg. & Const. Trades Council of Buffalo v. Downtown Dev., Inc*., 448 F.3d 138 (2nd Cir. 2006). (COC/ABA Proposed Amicus Br. at 10) (SF Opening Br. at 25, 34-36, 39).
  o As well as the following additional cases:
    ▪ *Hancock Cnty. Bd. of Sup'rs v. Ruhr,* 486 F. App'x 180 (5th Cir. 2012). (COC/ABA Proposed Amicus Br. at 10) (SF Opening Br. at 17, 37).

---

[2] OSU cites to the proposed amicus briefs via the following convention: "[name of potential amici curiae] Proposed Amicus Br. at [page number within that document]." The page numbers correspond to the page numbers in the respective proposed briefs, not to the docketing system page numbers in the top right.

[3] OSU cites to the Opening Brief of Plaintiff-Appellant Speech First, Inc. via the following convention: "SF Opening Br. at [page number within that document]." The page numbers correspond to the page numbers in the respective proposed brief, not to the docketing system page numbers in the top right.

- *Hunt v. Wash. State Apple Advert. Comm'n,* 432 U.S. 333 (1977). (COC/ABA Proposed Amicus Br. at 7-8, 11) (SF Opening Br. at 12-13).
- *New York v. U.S. Dep't of Com.,* 351 F. Supp.3d 502, 606 n. 48 (S.D.N.Y. 2019), *aff'd in part, rev'd in part and remanded sub nom. Dep't of Com. v. New York*, 130 S. Ct. 2551, 204 L. Ed. 2d 978) (*Census Case*). (COC/ABA Proposed Amicus Br. at 8-9) (SF Opening Br. at 18, 26, 36).

SF exhausts the arguments above in its opening brief. The one "new" matter COC/ABA discusses in their proposed brief is the lawsuit COC/ABA recently filed against the Consumer Financial Protection Bureau. (COC/ABA Proposed Amicus Br. at 14-16). That "new" matter is objectionable for different reasons, as discussed separately hereinafter in Section (III)(B).

Likewise, CEF's proposed brief is redundant of material SF briefed extensively. The CEF brief begins by analyzing the Supreme Court's analysis of *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009)*,* and the three-part associational standing test established in *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333 (1977). (CEF Proposed Amicus Br. at 2-4). Thereafter, it mimics every one of SF's arguments, just using different words.

ACLU's brief is a similar story. Just like SF, the ACLU (1) argues the district court misapplied *Summers* and *Summers* does not apply at the pleading stage (ACLU Proposed Amicus Br. at 7)(SF Opening Br. at 15-21, 33-42): (2) argues requiring an

association to name members to establish standing would violate the members' First Amendment rights (ACLU Proposed Amicus Br. at 13-16)(SF Opening Br. at 25, 29-30); and (3) cites *Roe No. 2 v. Ogden*, 253 F. 3d 1225 (10th Cir. 2001) to argue this Court does not require an organizational plaintiff to name members to establish associational standing (ACLU Proposed Amicus Br. at 11-12)(SF Opening Br. at 22-23).

Importantly, ACLU's argument that Tenth Circuit precedent does not require an association to name members to establish standing detracts from the issue on appeal. (ACLU Proposed Amicus Br. at 11-12). It is neither useful nor relevant to the disposition of this case for multiple reasons. First, the cases ACLU cites to support its argument involved fact patterns materially distinct from the one that forms the basis of this appeal. In both *Ogden* and *American Humanist Assoc., Inc. v. Douglas Cnty. School District RE-1*, the anonymous association members *were also* named plaintiffs. *Ogden*, 253 F.3d at 1225, 1227; *American Humanist Assoc., Inc. v. Douglas Cnty. School District RE-1*, 859 F.3d 1243, 1247-48 (10th Cir. 2017). As named plaintiffs, the court and defense could ascertain the members' identities and assure themselves that necessary facts indeed existed to create an actual case or controversy. In this case, the anonymous members *are not* named plaintiffs. Second, *Ogden* predates *Summers*—S*ummers* being the Supreme Court case on which the

7

district court relied to dismiss SF's suit—and therefore serves no precedential value in this appeal. *See Ogden*, 253 F.3d 1225.

The foregoing proposed amicus briefs exemplify one of the chief criticisms of amicus briefs expressed by Seventh Circuit Judge Richard Posner when he denied motions to file amicus briefs in *Voices for Choices*.

> In my experience in two decades as an appellate judge, however, it is very rare for an amicus curiae brief to do more than repeat in somewhat different language the arguments in the brief of the party whom the amicus is supporting.

*Voices for Choices*, 339 F.3d at 544.

The legal arguments in COC/ABA's, CEF's, and ACLU's proposed briefs total nearly sixty-five (65) pages of redundant and superfluous material. Duplicative briefs, even if filed by proposed amici with some experience in the subject matter, should be denied if they do not offer anything beyond the parties' own briefs. Fed. R. App. P. 29 advisory committee's notes to 1998 Amendments. *See WildEarth Guardians v. Zinke*, 368 F.Supp.3d 41, 59 (D.D.C. 2019). Accordingly, this Court should not allow COC/ABA, CEF, and ACLU to file the proposed briefs. They simply burden the Court and its staff and do not provide relevant new material that would aid the Court in its analysis.

### 2. The Briefs Are Irrelevant to the Extent They Raise Issues Outside the Scope of the Pending Appeal

The Court should also deny CEF's motion for leave to file an amicus brief because the only new material CEF raises—incidents at other universities that did not involve OSU—is unrelated to federal court jurisdiction. Such material is unhelpful and irrelevant to the disposition of this case because it relates to the merits, and the issue on appeal is limited to Article III standing. Indeed, this Court previously denied a motion for leave to file an amicus brief where the brief addressed the merits and the issue on appeal was procedural. *See Armstrong*, 2022 WL 17576355, at 3 *n.2 (denying motion for leave to file amicus brief where the brief addressed the merits and the court's analysis was limited to a procedural issue). As it did in *Armstrong*, this Court should deny CEF's motion for leave to file an amicus brief because the brief raises merit-based information and arguments, and the issue on appeal is solely jurisdictional.

### B. The Court Should Not Consider New Arguments Raised in the Proposed Briefs

The Court should also deny the Motions because to the extent they are not duplicative, the proposed briefs present new arguments. Recognizing the federal judiciary is a "party-directed adversarial system," this Court "routinely declines to consider arguments presented only in an amicus brief." *Ackerman*, 831 F.3d at 1299.

In *Ackerman*, the Tenth Circuit declined to consider arguments in a proposed amicus brief because the parties did not raise the arguments themselves. *See id*. In that case, a criminal defendant, who entered a plea after he attempted to email explicit images of a minor, appealed and alleged the government violated his Fourth Amendment rights when the National Center for Missing and Exploited Children ("NCMEC") conducted an investigation after it received the explicit images from his internet service provider. *See id*. At 1294-95. At issue was whether the NCMEC constituted a governmental entity or agent. *See id*. at 1295-99. After the government filed a response that included only one argument to support why NCMEC did not constitute a governmental entity, NCMEC moved to file its amicus brief—which contained multiple, additional arguments to support why the court should hold it was not a governmental entity. *See id*. at 1299. In declining to consider these arguments, the court stated "amici briefs often serve valuable functions, but those functions don't include presenting arguments forgone by the parties themselves or effectively and unilaterally expanding the word limits established by rule for a favored party." *Id*.

To the extent *any* entities seeking to file amicus briefs represent their arguments are not duplicative of those raised by SF, such arguments were "foregone" by SF and should not be considered. *Id*. at 1299. Further, any argument that will not be considered by the court would not provide the Court with any useful information, as is required by *Armstrong*. 2022 WL 17576355, at 3 *n. 2.

10

Like in *Ackerman*, the Court should exercise its discretion to deny the Motions to the extent the proposed amicus briefs present new arguments foregone by the parties.

## C. The Proposed Amicus Briefs Improperly Serve Speech First by Unilaterally Expanding the Word Limits Set Forth by Rule

Interestingly, in the present case, five (5) of the proposed amici—IWLC, YAF/MI, and COC/ABA—go beyond simply supporting the legal position of a "favored party." *Ackerman*, 831 F.3d at 1299. These proposed amici are all represented in some capacity by SF's counsel. The Consovoy McCarthy firm has direct ties to IWLC, YAF/MI, and COC/ABA and almost assuredly solicited their participation.[4] The Consovoy firm represented IWLC and SF in a case as recently as February 2022. *See* Cameron Norris Entry of Appearance filed on behalf of IWLC and SF attached hereto as Attachment 1.[5] One of Consovoy McCarthy's associates was formerly the General Counsel of Alliance Defending Freedom, which filed the instant amicus paperwork on behalf of YAF/MI. *See* Frank Chang Consovoy McCarthy Website Biography attached hereto as Attachment 2. Finally, the Consovoy McCarthy firm is currently trial counsel for COC/ABA in *Chamber of*

---

[4] To be clear, Appellee does not allege that Consovoy McCarthy directly authored the proposed amicus briefs. The briefs are signed by attorneys with other firms, and no Fed. R. App. P. 29(a)(4)(E) disclosures occurred in this case.

[5] OSU cites to the documents it has included for purposes of this Response as "Attachments." These Attachments and corresponding numbers do not refer to any existing Appendix.

*Commerce v. Consumer Fin. Protection Bureau*, No. 6:22-cv-00381-JCB, ECF No. 1 (E.D. Tex. Sept. 28, 2022), and Co-Counsel in that case, Jennifer Dickey, is indicated as a signatory for COC/ABA's proposed amicus brief.[6] *See* Cameron Norris Application to Appear Pro Hac Vice attached hereto as Attachment 3; Jennifer Dickey Application to Appear Pro Hac Vice attached hereto as Attachment 4.

The Committee Notes on the 2010 Amendments to Rule 29 provide, in pertinent part:

> The disclosure requirement, which is modeled on Supreme Court Rule 37.6, serves to deter counsel from using an amicus brief to circumvent page limits on the parties' briefs. *See Glassroth v. Moore,* 347 F.3d 916, 919 (11th Cir. 2003) (noting the majority's suspicion "that amicus briefs are often used as a means of evading the page limitation on a party's briefs").

The three (3) proposed amicus briefs filed by IWLC, YAF/MI, and COC/ABA—all of which have direct ties to SF and its counsel—contain an additional fifty-five (55) pages of legal argument, effectively serving as a unilateral expansion on the limits set forth by Fed. R. App. P. 32. These entities do not simply support the position of SF; they are routinely represented by SF's counsel. Accordingly, the relationship between SF and the requested amici goes beyond the

---

[6] The Defendant in *Chamber of Commerce v. Consumer Fin. Protection Bureau* raised a similar argument that the plaintiffs (COC/ABA) lack associational standing because the association did not name its members. The docket from that case reflects that the issue has been briefed since January of this year, but no ruling has been entered.

"favored party" relationship referenced in *Ackerman*. *See* 831 F.3d at 1288. ("Amici briefs often serve valuable functions, but those functions don't include . . . effectively and unilaterally expanding the word limits established by rule for a favored party.").

To the extent the additional fifty-five (55) pages of briefing seek to present facts and legal perspectives to supplement arguments already raised by SF, they are either arguing against their own counsel's capability to adequately brief the issue (which certainly is not the case), or in the alternative admitting to the Court that counsel for SF needs additional briefing space beyond that provided by Fed R. App. P. 32 to fully present the issue. Yet, Appellee is expected to rebut the entirety of these briefs in the single response brief it is allowed to file.

Accordingly, this Court should exercise its discretion to deny the Motions IWLC, YAF/MI and COC/ABA filed.

## IV.   CONCLUSION

Eight (8) non-parties have moved to file amicus briefs totaling 101 pages of additional content. This is burdensome to OSU, but even more burdensome on the Court. When asked for its consent pursuant to Rule 29, OSU declined. Now, having read the contents of the Motions and proposed amici briefs, OSU stands on its objections to the proposed amicus briefs. Accordingly, pursuant to Tenth Circuit precedent, the Federal Rules of Appellate Procedure, the purposes of amicus briefs,

and in the interest of fairness and judicial efficiency, the Court should deny YAF/MI's, COC/ABA's, IWLC's, CEF's, and ACLU's Motions.

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned certifies this document complies with the type-volume limitation set forth by Fed. R. App. P. 32(a)(5), (a)(6), (g) and the word limit set forth by Fed. R. App. P. 27(d)(2)(A). This document contains 3,470 words, excluding the accompanying documents authorized by Fed. R. App. P. 27(a)(2)(B), and the documents excluded from length by Fed. R. App. P. 32(f). The document has been prepared in a proportionally spaced typeface, 14-point Times New Roman, using Microsoft Word 365 version 2304.

Date: June 9, 2023

s/Stephen R. Stephens
Stephen R. Stephens

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of June, 2023, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing. The Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

J. Michael Connolly
Cameron T. Norris
James F. Hasson
Thomas S. Vaseliou
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209

Ryan Haynie, OBA #32796
1401 N. Lincoln Blvd.
Oklahoma City, OK 73104

**COUNSEL FOR PLAINTIFF-APPELLANT**

s/Stephen R. Stephens
Stephen R. Stephens

15

# United States Court of Appeals
## For the First Circuit

_____

### NOTICE OF APPEARANCE

**No.** 21-1773          **Short Title:** Victim Rights v. Cardona

The Clerk will enter my appearance as counsel on behalf of (*please list names of all parties represented, using additional sheet(s) if necessary*):
Foundation for Individual Rights in Education; Independent Women's Law Center; Speech First, Inc.  as the

[✔] appellant(s)          [  ] appellee(s)          [  ] amicus curiae

[  ] petitioner(s)          [  ] respondent(s)          [  ] intervenor(s)

| | |
|---|---|
| /s/ Cameron T. Norris | 10/01/2021 |
| Signature | Date |
| Cameron T. Norris | |
| Name | |
| Consovoy McCarthy PLLC | 703-243-9423 |
| Firm Name (if applicable) | Telephone Number |
| 1600 Wilson Blvd., Ste. 700 | |
| Address | Fax Number |
| Arlington, VA 22209 | cam@consovoymccarthy.com |
| City, State, Zip Code | Email (required) |

Court of Appeals Bar Number: 1186844

Has this case or any related case previously been on appeal?

[  ] No          [✔] Yes   Court of Appeals No. 20-1748

========================================================================

**Attorneys for both appellant and appellee must file a notice of appearance within 14 days of case opening**. New or additional counsel may enter an appearance outside the 14 day period; however, a notice of appearance may not be filed after the appellee/respondent brief has been filed without leave of court.  1st Cir. R. 12.0(a).

**Counsel must complete and file this notice of appearance in order to file pleadings in this court**. Counsel not yet admitted to practice before this court must promptly submit a bar application.  1st Cir. R. 46.0(a)(2).

Attachment 1



**Frank Chang**

**Associate**
frank@consovoymccarthy.com

Mr. Chang assists clients with a variety of litigation and appellate matters that encompass constitutional law, administrative law, and commercial litigation.

Prior to joining the firm, Mr. Chang was Legal Counsel at Alliance Defending Freedom, where he litigated constitutional and regulatory cases involving religious liberty issues. Before that, Mr. Chang was an associate at a large law firm in D.C. where he handled complex commercial litigation matters, as well as various constitutional, regulatory, and election law cases.

Mr. Chang is a former law clerk to Judge Jennifer Walker Elrod of the U.S. Court of Appeals for the Fifth Circuit and Judge Henry F. Floyd of the U.S. Court of Appeals for the Fourth Circuit. He served as a law clerk to Senator Ted Cruz on the Senate Committee on the Judiciary during Justice Neil Gorsuch's confirmation hearing and worked on the House Select Committee on Benghazi. His publications appear on The George Washington Law Review. He holds a B.A. in political science from the Pennsylvania State University and a J.D. from the George Washington University Law School. Mr. Chang currently serves in the Army National Guard in the rank of Captain.

He is a member of the Pennsylvania and the District of Columbia Bar.*

*Supervised by principals of the firm who are members of the Virginia Bar.

Attachment 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
Tyler ▾ **DIVISION**

**APPLICATION TO APPEAR PRO HAC VICE**

> **APPROVED**
> By Nakisha Love at 10:17 am, Sep 28, 2022

1. This application is being made for the following: Case #  6:22-cv-00381

Style/Parties:  Chamber of Commerce of the United States of America et al v. Consumer Financial Protection Bureau et al

2. Applicant is representing the following party/ies:   Plaintiffs in this action.

3. Applicant was admitted to practice in TN  (state) on 11/10/2014  (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant ⚪has ⊙has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant ⚪has ⊙has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant ⚪has ⊙has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle).   If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you.  Omit minor traffic offenses and misdemeanor offenses committed prior to age 18. (See Page 3)

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:
U.S. Court of Appeals for the Fifth Circuit, Western District of Texas, others

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, Cameron T. Norris  do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date 09/28/2022                Signature /s/ Cameron T. Norris  (/s/Signature)

Application Continued on Page 2

Attachment 3

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF TEXAS**

**APPLICATION TO APPEAR PRO HAC VICE** (Continued)

Name (please print) Cameron T. Norris

Bar Number /State 33467 / TN

Firm Name:   Consovoy McCarthy PLLC

Address/P.O. Box:   1600 Wilson Blvd, Suite 700

City/State/Zip: Arlington, VA 22209

Telephone #:   703-243-9423

Fax #:

E-mail Address: cam@consovoymccarthy.com

Secondary E-Mail Address:

This application has been approved for the court on: _____ **9/28/22** _____

David A. O'Toole, Clerk

U.S. District Court, Eastern District of Texas

By _____ *NakishaLove* _____

Deputy Clerk

Application Instructions
Complete page 1 and 2 of this Application and Email to phv@txed.uscourts.gov for approval. Once
approved, the clerk will email to you your new Login and  Password so that you will be able to
electronically file your application and pay the $100 fee on  line. If you already have a login and
password, you will still need to wait for approval email  from the clerk before filing your
electronic application.  For Complete Instructions please visit the website
http://www.txed.uscourts.gov/

**Email Application**

Attachment 3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
Tyler   ▾ **DIVISION**
**APPLICATION TO APPEAR PRO HAC VICE**

**APPROVED**
**By Nakisha Love at 10:25 am, Sep 28, 2022**

1.This application is being made for the following: Case #  6:22cv381

Style/Parties:   Chamber of Commerce of the United States of America et al v. Consumer Financial Protection Bureau et al

2.  Applicant is representing the following party/ies:   Plaintiffs in this action.

3.Applicant was admitted to practice in Virginia   (state) on 10/12/2012   (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6.  Applicant ⭘has ⊙has not  had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant  ⭘has ⊙has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8.  Applicant ⭘has ⊙has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle).   If so, give complete information on a separate page.

9.  Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you.  Omit minor traffic offenses and misdemeanor offenses committed prior to age 18. (See Page 3)

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:
Supreme Court of Virginia, U.S. Supreme Court, D.C. Court of Appeals, and others

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, Jennifer Dickey   do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date   09/28/2022           Signature   /s/ Jennifer Dickey   (/s/Signature)

Application Continued on Page 2

Attachment 4

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF TEXAS

### APPLICATION TO APPEAR PRO HAC VICE (Continued)

Name (please print) Jennifer Dickey

Bar Number /State 83624 / Virginia

Firm Name:     U.S. Chamber of Commerce Litigation Center

Address/P.O. Box:     1615 H Street, NW

City/State/Zip: Washington, DC 20062

Telephone #:   202.463.5337

Fax #:

E-mail Address: JDickey@USChamber.com

Secondary E-Mail Address:

This application has been approved for the court on: _____ **9/28/22** _____

David A. O'Toole, Clerk

U.S. District Court, Eastern District of Texas

By _____ *NakishaLove* _____

Deputy Clerk

Application Instructions
Complete page 1 and 2 of this Application and Email to phv@txed.uscourts.gov for approval. Once
approved, the clerk will email to you your new Login and  Password so that you will be able to
electronically file your application and pay the $100 fee on  line. If you already have a login and
password, you will still need to wait for approval email  from the clerk before filing your
electronic application.  For Complete Instructions please visit the website
http://www.txed.uscourts.gov/

**Email Application**

Attachment 4